UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-39 |
| | § | |
| RONNIE MIKEL BROWN, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the Court is Defendant Ronnie Mikel Brown's Motion to Reduce Sentence Under 18 U.S.C. Section 3582(c)(1)(A) (Doc. 3526). In his brief, Brown argues, "In light of [the law], the disparity between [Brown's] current sentence based on the 10-to-1 ratio [for actual-to-mixture methamphetamine], rehabilitative efforts, age, . . . and [Brown's] support from loved ones/family [his] sentence should be reduced by 132 - 180 months." Doc. 3527, Mot. Br., 1.

At the outset, the Court notes that "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence"; these claims must be raised on direct appeal or in a 28 U.S.C. § 2255 motion. *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). Thus, the Court does not consider Brown's arguments concerning the 10-to-1 ratio for actual-to-mixture methamphetamine.

Separately, Brown's request for compassionate release fails because he has not proven that he satisfied § 3582(c)(1)(A)'s exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or

the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Brown does not allege that he requested compassionate release from the warden of his facility. *See* Doc. 3526, Mot.; Doc. 3527, Mot. Br. Without evidence that Brown requested compassionate release from the warden and that thirty days have passed since the warden received the request, Brown fails to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *United States v. Pearce*, 2022 WL 992738, at *2 (N.D. Tex. Apr. 1, 2022) (Boyle, J.). For these reasons, Brown's Motion to Reduce Sentence Under 18 U.S.C. Section 3582(c)(1)(A) (Doc. 3526) is **DENIED**.

**SO ORDERED.**

**SIGNED: March 31, 2023.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE